# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

)
UNITED STATES, )
    Plaintiff, )
)
v. )      **CIVIL ACTION**
)      **NO. 11-12284-TSH**
)
STEVEN LEVINE, )
    Defendant )
_____)

## ORDER RE: DEFENDANT'S MOTION TO DISMISS COMPLAINT (Docket No. 9)
### May 1, 2012

**Hillman, M.J.,**

### Nature of the Proceeding

By consent of the parties, this matter has been assigned to me for all purposes pursuant to 28 U.S.C. §636(c).  This Order addresses the Motion to Dismiss (Docket No. 9) filed by the Defendant, Steven Levine.[1]

### Nature of the Case

The United States of America ("United States" or "Government") has filed a Complaint against Steven Levine ("Levine" or "Defendant") seeking to collect an outstanding unpaid liability for federal internal revenue taxes, plus statutory accruals.

---

[1]Levine is proceeding *pro se*. Although he is proceeding *pro se*, Levine is expected to comply with this Court's rules of procedure.  At the same time, his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## Background

On December 21, 2011, the United States filed its Complaint against Levine seeking payment for unpaid assessed internal revenue taxes, statutory penalties and interest ($125.272.96 at the time of the filing of the Complaint).

On February 24, 2012, this Court filed its Notice Of Scheduling Conference (Docket No. 6)("Initial Notice") setting the LR, D.Mass 16(b) scheduling conference ("Scheduling Conference") for March 14, 2012. The Initial Notice also required the parties to: comply with L.R., D.Mass. 16.1 (except as set forth in the Initial Notice); and attempt to agree on relevant dates for discovery and motion practice and propose a discovery schedule.

On March 13, 2012, the Government filed a Joint Statement Pursuant to D.Mass. Local Rule 16.1(d)(Docket No. 7)("Joint Statement"). In the Joint Statement, the Government stated that it had provided Levine a draft copy of the same via Federal Express on March 8, 2012. Counsel for the Government then indicated that she had spoken on the telephone to Levine about the Joint Statement on March 12, 2012. During that conversation, Levine agreed to provide counsel for the Government with any comments on the draft by e-mail before noon on March 13, 2012. After not receiving any comments from Levine, the Government filed the Joint Statement at 1:06 p.m. on March 13, 2012. The Scheduling Conference was held on March 14, 2012. At that conference, Levine stated that he had a single telephone call with the Government's attorney on March 12, 2012. The Court substantially adopted the Joint Statement, with minor changes to certain discovery deadlines.

**Discussion**

*Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(4)*

Levine asserts that this case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(4), which provides for dismissal of a case for insufficient process. If this is indeed what Levine intends, for the reasons set forth below, his motion must be dismissed both because he has failed to allege any facts which would support a finding that the process was insufficient, and because the motion is untimely.

> Rule 12(b)(4) of the Federal Rules of Civil Procedure provides for the dismissal of actions where there has been insufficient process. A motion under 12(b)(4) *concerns the form of the process* rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with a provision of [Fed.R.Civ.P. 4(b)] or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons ... a motion under Rule 12(b)(4) is not appropriate [where the defendant has] not demonstrated or asserted any defect in the content of the summons which [he] received.

*Austin v. Spaulding*, 2001 WL 345602 *2 (D.R.I. March 15, 2001)(internal citations omitted)(emphasis added). In this case, Levine has not asserted that there is any defect in the content of the summons and therefore, his motion to dismiss pursuant to 12(b)(4) is denied. Furthermore, Rule 12(b) provides that any motions to dismiss filed thereunder must be filed before the filing of a responsive pleading-- Levine had filed his Answer on January 31, 2012 (Docket No. 5). Therefore, his motion seeking to dismiss the Complaint under Rule 12(b)(4), which was filed on March 14, 2012, must also be denied as untimely.

*Motion Treated As One For Sanctions*

Although Levine seeks to dismiss the Complaint pursuant to Rule 12(b)(4), reading his pleadings liberally, it is more likely that he intended his motion to be one seeking dismissal of

the Complaint as a sanction pursuant to Fed.R.Civ.P. 37(f)[2] for failure to comply with this Court's rules. Levine asserts that the Government failed to comply with Fed.R.Civ.P. 26(f) and LR, D.Mass. 16.1(B) which require that the parties confer "as soon as practicable— and in any event at least 21 days before a scheduling conference to be held or before a scheduling order is due under Rule 16(b)". The parties are to confer, for among other reasons, to jointly prepare a proposed pretrial schedule and establish an agenda of matters to be discussed at the scheduling conference. Levine also asserts that the Government failed to submit a settlement proposal to him at least fourteen days prior to the Scheduling Conference as required by LR,D.Mass. 16.1(C).

Specifically, Levine asserts that the Government violated this Court's rules when it: (i) first contacted him on March 8, 2012-- only six days before the Scheduling Conference and as a result, the joint statement was not filed seven days before the conference, as required (it was filed on the eve of the Scheduling Conference); (ii) did not provide him with a settlement proposal fourteen days prior to the Scheduling Conference; and (iii) failed to comply with various other technical requirements of this Court's rules regarding the Scheduling Conference. Levine makes a general statement that the Government's failure to comply with this Court's rules has caused him undue stress and jeopardized his ability to research his rights under the law. However, Levine has not provided any specifics as to how he was prejudiced.

Even if I were to find that the Government had violated this Court's rules regarding procedures to be followed in advance of the Rule 16(b) Scheduling Conference, dismissal is not

---

[2] This Court's rules provide that "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may after giving opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." Fed.R.Civ.P. 37(f).

a sanction permitted by Rule 37(f). *See* note 2, *supra.* For that reason, Levine's motion to dismiss must be denied. Furthermore, to foreclose the possibility that Levine might file a motion seeking reimbursement of fees pursuant to Rule 37(f),  for the reasons set forth below, I find that Levine has not established that the Government's conduct was sanctionable.

First, as noted by the Government, the Court issued its Notice of Hearing regarding the Scheduling Conference only nineteen days prior to the date it was to be held.  Because it was impossible for the parties to confer at least twenty-one days prior to the Scheduling Conference, the parties' obligation was to confer at a time before the hearing that was reasonably practicable.

Second, unless otherwise ordered, *all* parties *must* comply with the Federal Rules of Civil Procedure and this Court's Local Rules, regardless of whether they are represented by counsel or proceeding *pro se*.   Levine fails to appreciate that the cited Rules require *both* parties to take reasonable steps to confer before the Scheduling Conference and to make sure that the joint statement is filed-- the onus is not solely on the Government.  However, nowhere in his filings does Levine suggest that he made any attempts to contact the Government within the required time period.  Therefore, if there was a violation of this Court's rules,  it would, in effect,  have been committed by *both* parties.

As to Levine's argument that the Government did not comply with the requirement that it file a settlement proposal fourteen days prior the Scheduling Conference-- the Government acknowledges that it did not file a settlement proposal.  However, this is a tax recovery case and the Government has represented that no settlement has been authorized at this time and therefore, no proposal was forthcoming.

The parties are reminded that the Court expects them to be diligent about complying with its rules and procedures. Should any party find complying with any rule to be burdensome or impractical, that party can file a motion with the Court seeking relief therefrom.

### Conclusion

Steven Levin's Motion to Dismiss (Docket No. 9) is *denied*.

**/s/** Timothy S. Hillman _____
**TIMOTHY S. HILLMAN**
**MAGISTRATE JUDGE**