**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | |
| ) | |
| ) | |
| v.     ) | Civil Action No. 11-cv-12284-TSH |
| ) | |
| STEVEN LEVINE,     ) | |
| ) | |
|     Defendant.     ) | |

---

### MEMORANDUM AND ORDER GRANTING
### THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT
#### March 25, 2013

**HILLMAN, J.**

#### INTRODUCTION

This is a civil action arising out of unpaid liability for federal internal revenue taxes and statutory accruals under 26 U.S.C. § 6201 *et seq*. The United States of America ("United States") has sued taxpayer Steven Levine ("Mr. Levine"), d/b/a Busy Hands, alleging that he owes unpaid unemployment and employment taxes as well as civil penalties in the amount of $127,874.22[1] plus accrued interest. On August 15, 2012, the United States filed its Motion for Summary Judgment (Docket No. 15). On September 15, 2012, Mr. Levine filed his Opposition to the United States' Motion for Summary Judgment (Docket No. 19). I took this matter under advisement after a motion hearing held on January 3, 2013. For the reasons set forth below, the United States' Motion for Summary Judgment is **GRANTED**.

#### STANDARD OF REVIEW

---

[1] This amount was calculated at the moment this motion was filed (Docket No. 15-11).

Summary judgment is a dispositive motion used "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991). The moving party carries the initial burden of directing the court to specific pleadings, affidavits or discovery in order to demonstrate "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Sensing v. Outback Steakhouse of Fla., LLC*, 575 F.3d 145, 152 (1st Cir. 2009). Stated differently, the moving party is required to "put the ball in play, averring an absence of evidence to support the nonmoving party's case." *Garside v. Osco Drug, Inc.*, 895 F.2s 46, 48 (1st Cir. 1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986)). A dispute is "genuine" when there is "sufficient evidence to permit a reasonable trier of fact to resolve the issue in the nonmovant's favor." *Casas Office Machs., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 684 (1st Cir. 1994). Furthermore, a fact is "material" if it "has the potential to alter the outcome of the suit under the governing law if the controversy over it is resolved satisfactorily to the nonmovant." *Blackie v. Maine*, 75 F.3d 716, 721 (1st Cir. 1996).

"Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come forward with facts that show a genuine issue for trial." *Carroll v. Xerox Corp.*, 294 F.3d 231, 236 (1st Cir. 2002); *see also Celotex*, 477 U.S. at 323 (noting that the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine [dispute] of material fact"). The nonmoving party may rely on either contradicted or uncontradicted evidence, *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004), however, they may not rely on "conclusory allegations, improbable inferences, and unsupported speculation, nor brash conjecture coupled with earnest hope that

something concrete will materialize" in order to survive summary judgment. *J. Geils Band Emp. Ben. Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996) (internal quotations and citations omitted). The court must view the evidence in a "light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Navarro v. Pfizer Corp.*, 261 F.3d 90, 94 (1st Cir. 2001) (quoting *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990)). Thus, conflicting evidence in the record "favor[ing] in some lights the defendant[] and in others the plaintiff" is best left for a jury "to determine which version of the facts is most compelling." *Sensing*, 575 F.3d at 153 (citing *Calero-Cerezo*, 355 F.3d at 19).

## MATERIAL FACTS

Mr. Levine owned and operated "Busy Hands," a sole proprietorship located in Gardner, Massachusetts. Pl.'s Local R. 56.1 Statement of Material Facts (Docket No. 15-1) (hereinafter, "Pl.'s Facts") ¶ 1. Specifically, the United States' contends that Mr. Levine is liable for unpaid tax liabilities and civil penalties in the following ways:

1) During the tax period ending on December 31, 1997, Mr. Levine failed to fully pay unemployment tax liabilities (pursuant to Form 940) on behalf of Busy Hands. *Id.* ¶ 2. As a result of his failure to pay, the Internal Revenue Service ("IRS") assessed Mr. Levine for those unpaid tax liabilities. *Id.* ¶ 3; *see also* Pl.'s Mem. Supp. Summ. J. Ex. 1.

2) During the tax periods ending on September 30, 2011 and December 31, 2011, Mr. Levine failed to fully pay employment tax liabilities (pursuant to Form 941) on behalf of Busy Hands. Pl.'s Facts ¶ 4. As a result of his failure

to pay, the IRS assessed Mr. Levine for those unpaid tax liabilities. *Id.* ¶ 5;
*see also* Pl.'s Mem. Supp. Summ. J. Exs. 2-3.

3) During the 1998 and 2000 tax years, Mr. Levine filed Forms W-2 and W-3[2]
with the Social Security Administration ("SSA"), however, these wages were
inconsistent with wages Mr. Levine reported to the IRS over the same period.
Pl.'s Facts ¶¶ 6-7; Pl.'s Mem. Supp. Summ. J. Ex. 4. Because Mr. Levine
failed to file correct information on these returns, the IRS levied a civil
penalty for both years under 26 U.S.C. § 6721. Pl.'s Facts ¶ 8. Each fine
amounted to ten percent of the discrepancy between the returns filed with the
SSA and IRS. *Id.*; Pl.'s Mem. Supp. Summ. J. Exs. 6-7.

## DISCUSSION

Viewing the evidence in a light most favorable to Mr. Levine, I find that a grant of summary judgment is appropriate in this case. Although Mr. Levine filed a Memorandum in Opposition to the United States' Motion for Summary Judgment (Docket No. 20), none of the facts set forth therein actually pertained to the substantive issues at the heart of this dispute. In fact, the only grounds upon which Mr. Levine opposes the United States' Motion for Summary Judgment are procedural in nature, specifically, issues relating to the timing of several of the United States' filings (Docket No. 20). These procedural defects, like those set forth in Mr. Levine's Motion to Dismiss (Docket No. 17), are at best harmless errors and have been remediated within a reasonable period of time.

As for the merits of this action, Mr. Levine admitted in his Answer that he did not fully pay all the liabilities alleged by the United States, but he denied for a lack of knowledge the specific amounts (Docket No. 5). Because Mr. Levine has failed to set forth any material

---

[2] Mr. Levine did not file Form W-3 in 1998. Pl.'s Facts ¶ 6.

evidence to rebut the amounts alleged, there are no genuine disputes left for disposition at trial. Accordingly, I am compelled to rule in favor of the United States.

CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment is **GRANTED** and Mr. Levine is hereby **ORDERED** to remunerate $127,874.22 plus accrued statutory interest pursuant to 28 U.S.C. §§ 6621-22.


IT IS SO ORDERED.


/s/ Timothy S. Hillman_____
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE